**Dennis J. DONNELLY, Administrator of the Estate of Joseph M. Donnelly, Deceased, Plaintiff,**

v.

**MOONEY AIRCRAFT, INC., a Corp., Defendant.**

**No. 32 Misc.**

United States District Court
W. D. Texas,
San Antonio Division.
March 16, 1966.

Franklin S. Spears, San Antonio, Tex., and Marshall J. Conn, Pittsburgh, Pa., for plaintiffs.

Hal Rachal, Midland, Tex., and James W. Wilson, Austin, Tex., for defendants.

FISHER, District Judge.

This case is now before the Court on Defendant's Motion to Vacate Registration and to Quash the Execution of a default judgment rendered against it in the amount of $175,000.00 by the United States District Court for the Western District of Pennsylvania. Defendant contends that the judgment is void in that the attempted service of process was ineffective to obtain in personam jurisdiction over it. There is no contention by Defendant that it could not constitutionally have been subjected to in personam jurisdiction in Pennsylvania, or that the procedures employed were constitutionally insufficient to give it notice. Nor is there any issue of procedural irregularities if Defendant was amenable to service under the provisions of the rules and statutes in question.

The question before this Court is whether or not the United States District Court for the Western District of Pennsylvania had jurisdiction over Defendant through service of process to render a valid judgment therein.

The two ultimate questions to be decided by this Court are:

(1) Whether personal service on Campbell as an agent or person in charge of a usual place of business of Defendant was valid service on Defendant under Rule 2180(a), Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix; and

(2) Whether substituted service by registered mail on the Secretary of the Commonwealth of Pennsylvania and on the Defendant at Kerrville, Texas, was valid service on Defendant under 15 P.S. § 2852–1011, subds. B and C of the Pennsylvania statutes.

Mooney Aircraft is a corporation duly licensed and existing under the laws of the State of Texas. It is engaged in the manufacture of aircraft and aircraft parts, and its sole plant is located at Kerrville, Texas. Defendant markets its products through distributors located throughout the country.

In the latter part of April, 1962, Charles E. Campbell, Jr., a Pennsylvania distributor of Defendant doing business as Campbell Air Service, sold a repossessed Mooney M.K. 20A, 1960 model, airplane to one Joseph M. Donnelly, an experienced pilot. On June 22, 1962, a 100-hour inspection was made on the plane by Latrobe Aviation at Allegheny County Airport. On June 23, 1962, while on a return flight to Pennsylvania from North Carolina, the plane crashed near Meadowview, Virginia, killing Plaintiffs' decedent, Joseph M. Donnelly.

Suit was filed in the United States District Court for the Western District of Pennsylvania in May, 1963, alleging

the crash of the aircraft to have been the result of:

"(a) Negligence in the design, manufacture and/or assembly of the aircraft by Mooney Aircraft, Inc., and/or

(b) Breach of the warranty of merchantability, fitness and suitability and safety for use by Mooney Aircraft, Inc."

To acquire in personam jurisdiction over Defendant in Pennsylvania, Plaintiff relied on two separate provisions, Rule 2180(a) of the Pennsylvania Rules of Civil Procedure and 15 P.S. § 2852–1011, subds. B and C of the Pennsylvania statutes.

Rule 2180(a) provides the traditional procedures for effecting service of process on a corporation doing business within the state. The pertinent part of this rule states that a copy of the action may be handed "* * * to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation or similar entity". Plaintiff served Charles E. Campbell, Jr., a Mooney distributor, doing business as Campbell Air Service in Lancaster, Pennsylvania.

15 P.S. § 2852–1011, subds. B and C is the Pennsylvania version of the "long-arm" statute designed to aid in acquiring in personam jurisdiction over non-resident defendants who meet certain conditions. This statute provides for jurisdiction over foreign business corporations doing business within the State, without having obtained a certificate of authority to do so, "* * * in any action arising out of acts or omissions of such corporation within this Commonwealth." Jurisdiction may be obtained by serving both the Secretary of the Commonwealth and the defendant through registered mail.

Following service of process Defendant chose to make no appearance, and a default judgment was rendered against it on August 27, 1963. On December 4, 1963, the Court entered judgment awarding damages in the amount of $175,000.00 to the Plaintiff.

On July 1, 1964, said judgment was registered in the District Court for the Western District of Texas, San Antonio Division, Miscellaneous No. 32, and execution therein issued. Defendant then made its appearance and filed the motion presently before this Court.

In challenging the validity of the service of process under 15 P.S. § 2852–1011, subds. B and C, Defendant contends that,

(1) it is not doing business in Pennsylvania within the meaning of the statute, and

(2) plaintiffs' action did not arise out of any act or omission within Pennsylvania as is required for service under the statute.

Subsection C of 15 P.S. § 2852–1011 defines doing business as,

"* * * the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts."

The test of doing business within the meaning of this statute is that of "pecuniary benefit".

Defendant relies heavily on the case of Swavely v. Vandegrift, 397 Pa. 281, 154 A.2d 779 (1959), to sustain its contention that it was not doing business within Pennsylvania. But in that case the Court pointed out that the distributor was an independent contractor whose activities were not subject to such restrictions or control to justify a finding of a master-servant or principal-agent relationship, and it was held that the corporation had not entered and done business within Pennsylvania. In the instant case the record shows that Defendant's full-time home office employed personnel out of Texas made at least seventeen trips to Pennsylvania for the purpose of stimulating sales. The "Distribution and Sales Agreement" between Campbell and Defendant imposed heavy obligations on the distributor. On at least one

occasion the distributors were ordered to refrain from selling to a particular individual. The distributors were required by contract to purchase a certain number of planes each year. As stated by the Fifth Circuit in Delray Beach Aviation Corporation v. Mooney Aircraft, Inc., 332 F.2d 135, 141 (C.A.5, 1964):

> "Mooney Aircraft, engaged in the manufacture of airplanes in Texas, but aware that its commercial success depended on the intensive sale of its airplanes throughout the nation, purposefully sought to enter and compete in the Florida market."

■ The same is true in the instant case. Through its distributors Mooney Aircraft accomplished substantially the same result which could have been achieved through the use of direct employees in a company branch. This Court finds that Mooney Aircraft, Inc. was doing business in Pennsylvania as that phrase is defined in Section 1011, Subsection C.

■ However, doing business is not the only jurisdictional requirement for valid service of process under 15 P.S. § 2852–1011, subds. B and C. Under Pennsylvania law,

> "Section 1011, subd. B clearly sets forth two jurisdictional requirements which must be satisfied before a non-registered foreign corporation may be validly served with process through the Secretary of the Commonwealth: (1) the corporation must have 'done business' in the Commonwealth as that phrase is defined in Section 1011, subd. C and (2) the action must arise out of 'acts or omissions' of the corporation within the Commonwealth."

Rufo v. Bastian-Blessing Company, 405 Pa. 12, 173 A.2d 123 (1961). In *Rufo* the Court said,

> "The question is not where the injury occurred or where the cause of action arose; where did the company's negligent acts or omissions take place?"

The Court found the activities of defendant sufficient to meet the "doing business" requirement of the statute, but held that in a suit based on the breach of certain implied warranties any "acts or omissions" of the company must have taken place at the place of manufacture. In addition, in the case of Bailey v. Mooney Aircraft, Inc., an unreported opinion, the same court which rendered the default judgment in this case held that service under 15 P.S. § 2852–1011, subds. B and C could not reach Mooney Aircraft, Inc. in an action alleging negligent manufacture and breach of implied warranties, because there was no Pennsylvania "act or omission."

The February 2, 1965, decision in the case of Davis and Davis v. Jouret, and Dean Industries, Inc., W.L.J. Vol. XLVII, p. 245, rendered by the Court of Common Pleas of Westmoreland County, Pennsylvania, has no application to this case. In *Davis* the theory of recovery is different from the case before this Court. The injury out of which the action arose in *Davis* took place in Pennsylvania. And most significantly, the pleadings in *Davis* did not demonstrate that as a legal certainty, the injury failed to arise out of an "act or omission" in Pennsylvania. In the instant case it is certain that any negligent manufacture or breach of implied warranty must have taken place in Texas, not in Pennsylvania.

■ It is the opinion of this Court that *Rufo* and *Bailey* are controlling on the issue of "act or omission". We hold that service of process under 15 P.S. § 2852–1011, subds. B and C are invalid, and no in personam jurisdiction was acquired over Mooney Aircraft, Inc., through service under this statute.

■ Plaintiff has argued that Defendant waived its right to attack the judgment on the basis that no "act or omission" occurred in Pennsylvania, as required by the statute. That is, that Defendant must confine his collateral attack on the "act or omission" question to an attack on the sufficiency of Plaintiff's pleadings in the Pennsylvania court. This argument cannot be sustained. Plaintiff admits that Defendant had not waived the right to attempt to prove that it was not "doing business"

in Pennsylvania and therefore was not "present" in the state. "Doing business" is a jurisdictional sine qua non for proper service of process. But, an "act or omission" within the state is also a jurisdictional requirement for valid service of process under 15 P.S. § 2852–1011, subds. B and C. Thus, Defendant cannot be precluded from raising the jurisdictional issue of an "act or omission" within the State of Pennsylvania, and such jurisdictional facts are open to determination by this Court.

In addition to 15 P.S. § 2852–1011, subds. B and C, Plaintiff attempted to acquire in personam jurisdiction over Defendant by service under Rule 2180 (a), Pennsylvania Rules of Civil Procedure. Rule 2180(a) requires two conditions to be met before there can be valid service of process:

(1) Service must be on an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation or similar entity, and

(2) There must be someone who can bind the Defendant by contract; the "solicitation plus" test.

■ The initial question to be decided is whether or not the control and supervision exercised by Mooney Aircraft over Campbell was sufficient to warrant a conclusion that Campbell was Mooney Aircraft's agent for service of process. The important considerations are the acts or activities of the parties. As previously mentioned, Defendant achieved substantially the same results through its distributors as it could have achieved through a company branch. It ordered its distributors not to sell to a particular individual, at the risk of losing the distributorship. It required the distributors to purchase a minimum number of planes each year. Defendant sent "home office" personnel into Pennsylvania for solicitation purposes. The distributor was required to engage in extensive advertising and promotional activities. Defendant established a leasing plan, and any lease under such plan had to be approved by it. The effect of such control exercised by Defendant over its distributors is that it prevented the distributors from achieving the status of independent distributors. For jurisdictional purposes Defendant's control was sufficient to render Campbell amenable as an agent to receive service of process. We hold that the distributor, Campbell, could receive service of process against Defendant, provided the "solicitation plus" requirement of Rule 2180(a) can be met.

The "solicitation plus" test of Rule 2180(a) requires that in cases where the cause of action arises outside the state, the corporation must have present within the state some person with authority to bind it by contract. Shambe v. Delaware and Hudson R. R. Co., 288 Pa. 240, 135 A. 755 (1927), Lutz v. Foster and Kester Co., 367 Pa. 125, 79 A.2d 222 (1951).

■ Mooney Aircraft includes a warranty of suitability and fitness for use with each airplane it sells. Such warranty represents a contract between Mooney and a purchaser, which binds Mooney to replace any defective parts in the plane. By selling its planes to distributors with the express intent and purpose of resale to the general public, Mooney has given its distributors the authority to bind it to the terms of the warranty. It is true that the warranty runs with the plane and can be passed along to any subsequent purchaser. However, it is the sale by the distributor to a purchaser which puts the terms of the warranty into effect and which binds Mooney Aircraft. Under its distributorship agreement the distributor has, in effect, been given authority to bind Defendant to the terms of the warranty.

Mooney Aircraft has a leasing plan whereby, for tax purposes, persons meeting the Mooney financial requirements may lease a plane from the distributor. Contrary to Defendant's assertion that it is not a party to the lease in any way, the evidence shows that Defendant's participation is essential to a valid lease. Defendant established the plan. It established the criteria to be met before a party could be eligible to lease a plane.

Defendant's approval was required before a lease could be binding. Under the terms of the lease plan Defendant was bound by contract to sell the leased airplane at the wholesale market at such time when the distributor no longer had use for it. The net effect of this entire procedure is that Mooney Aircraft is leasing its planes to the general public through a distributor, who acts as a middleman in the transaction. Although the distributor is required to purchase the plane and then enter into the formal contract with the lessee, such activity does not conceal the fact that the transaction is really that of Defendant and not that of an independent distributor.

In view of the findings that Campbell was amenable to accept service of process against Mooney Aircraft as an agent or other person in charge of the usual place of business of Mooney, and that Campbell did have authority to bind Defendant by contract to the warranty and the leasing plan, we hold that Defendant's Motion to Vacate Registration and to Quash the Execution of the default judgment must be denied.